UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

— — — — — — — — — — — — — — — — — — — — — — — — x
                                              :
DEBORAH JOHNS,                                :
                                              :
              Plaintiff,                      :
                                              :
       v.                                     :        Case: 1:11-cv-02258-RMC
                                              :
                                              :
NEWSMAX MEDIA, INC.,                          :
                                              :
              Defendant.                      :
                                              :
— — — — — — — — — — — — — — — — — — — — — — — x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S
MOTION TO DISMISS FOR LACK OF JURISDICTION AND/OR IMPROPER
<u>VENUE OR IN THE ALTERNATIVE TO STAY AND COMPEL ARBITRATION</u>**

Kermit A. Rosenberg, Esq. (D.C. Bar No. 219089)
Joseph G. Cosby, Esq. (D.C. Bar No. 4713210)
Butzel Long Tighe Patton PLLC
1747 Pennsylvania Avenue N.W., Suite 300
Washington, DC 20006
202.454.2800
krosenberg@bltplaw.com
jcosby@bltplaw.com

Mark Lerner, Esq. (Of Counsel)
Michael H. Gibson, Esq. (Of Counsel)
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, Suite 1130
New York, New York 10169
212.818.9200

*Attorneys for Defendant*
*Newsmax Media, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................. 1

POINT I         PLAINTIFF'S OPPOSITION IS UNTIMELY .......................................... 1

POINT II       THIS COURT LACKS PERSONAL JURISDICTION
OVER NEWSMAX .................................................................................. 3

         A.     This Court Lacks Specific Jurisdiction Over Newsmax ............................ 4

               1.      Newsmax is Not Subject to Jurisdiction Under
DC Code § 13-423(a)(1) ................................................................. 4

               2.      Newsmax Is Not Subject to Jurisdiction Under
DC Code § 13-423(a)(3) or (4) ...................................................... 7

               3.      Newsmax Is Not Subject to Jurisdiction Under
DC Code § 13-423(a)(5) ................................................................. 9

         B.     This Court Lacks General Jurisdiction Over Newsmax ............................ 9

POINT III     THE DISTRICT OF COLUMBIA IS NOT AN
APPROPRIATE OR THE MOST CONVENIENT
VENUE FOR THIS LITIGATION ........................................................ 12

POINT IV     PLAINTIFF'S CLAIMS ARE SUBJECT TO
MANDATORY ARBITRATION ........................................................... 13

CONCLUSION ........................................................................................................................ 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

AGS International Services S.A. v. Newmont USA Limited,
   346 F. Supp. 2d 64 (D.D.C. 2004) .......................................................................10

Atwal v. Lawrence Livermore National Security, LLC,
   786 F. Supp. 2d 323 (D.D.C. 2011) .....................................................................10

Blocker-Burnette v. District of Columbia,
   2012 WL 414338 (D.D.C. Feb. 10, 2012) ...........................................................3

Buckley v. Paperboy Ventures, LLC,
   277 F.R.D. 20 (D.D.C. 2011)...............................................................................3

Casanova v. Marathon Corp.,
   256 F.R.D. 11 (D.D.C. 2011)...............................................................................2

Day v. The Corner Bank (Overseas) Ltd.,
   789 F. Supp. 2d 150 (D.D.C. 2011) .....................................................................3

Feng v. Lim,
   786 F. Supp. 2d 96 (D.D.C. 2011) .......................................................................8

Furash & Co., Inc. v. McClave,
   130 F. Supp. 2d 48 (D.D.C. 2011) .......................................................................8

Gates v. Syrian Arab Republic,
   646 F. Supp. 2d 79 (D.D.C. 2009) .......................................................................4

Goodyear Dunlop Tires Operations, S.A. v. Brown,
   131 S. Ct. 2846 (2011)........................................................................................11

Gorman v. Ameritrade Holding Corp.,
   293 F.3d 506 (D.C. Cir. 2002).............................................................................11

Gregory v. Electro-Mechanical Corp.,
   83 F.3d 382 (11th Cir. 1996)...............................................................................16

Henderson v. Coral Springs Nissan, Inc.,
   757 So.2d 577 (Fla. 4th Dist. Ct. App. 2000) ....................................................14

Hercules & Co., Ltd. v. Shama Restaurant Corp.,
   613 A.2d 916 (D.C. 1992) ...................................................................................13

Institute for Policy Studies v. U.S.C.I.A.,
   246 F.R.D. 380 (D.D.C. 2007).............................................................................2

ii

*Koteen v. Bermuda Cablevision, Ltd.*,
    913 F.2d 973 (C.A.D.C. 1990)........................................................................12

*Lee v. State Comp. Ins. Fund*,
    2005 U.S. Dist. LEXIS 16900 (D.D.C. July 12, 2005)..................................3, 4

*Lopata v. Coyne*,
    735 A.2d 931 (D.C. 1999) ............................................................................13

*Moore v. Motz*,
    437 F. Supp. 2d 88 (D.D.C. 2006) .................................................................3

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
    460 U.S. 1 (1983)........................................................................................13

*Mouzavires v. Baxter*,
    434 A.2d 988 (D.C. 1981) .............................................................................6

*National R.R. Passenger Corp. v. Veolia Transp. Services, Inc.*,
    592 F. Supp. 2d 86 (D.D.C. 2009) .................................................................7

*Nolde Bros., Inc. v. Local No. 358, Bakery and Confectionery Workers Union, AFL-CIO*,
    430 U.S. 243 (1977)....................................................................................14

*Pearce v. E.F. Hutton Group, Inc.*,
    828 F.2d 826 (D.C. Cir. 1987) ....................................................................13

*Raymond James Financial Services, Inc. v. Saldukas*,
    896 So. 2d 707 (Fla. 2005)..........................................................................15

*RLI Ins. Co. v. Pohl, Inc. of America*,
    468 F. Supp. 2d 91 (D.D.C. 2006) .................................................................8

*Robertson Group, P.A. v. Robertson*,
    67 So. 3d 1112 (Fla. App. 1st Dist. 2011) ....................................................13

*Rundquist v. Vapiano SE*,
    798 F. Supp. 2d 102 (D.D.C. 2011) ....................................................5, 6, 11

*Tampa HCP, LLC v. Bachor*,
    72 So. 3d 323 (Fla. App. 2d Dist. 2011) ......................................................13

**STATUTES AND RULES**

D.C. Code § 13-334 ...................................................................................................11, 12

D.C. Code § 13-344 ........................................................................................................11

D.C. Code § 13-422 .....................................................................................................9, 10

D.C. Code § 13-423 ..............................................................................................4, 6, 7, 9, 11

Fed. R. Civ P. 6(d) ...........................................................................................................1

Local Rule 7(b) ............................................................................................................1, 2

Local Rule 7(c) ................................................................................................................1

1387946_2

## PRELIMINARY STATEMENT

Plaintiff Deborah John's ("Plaintiff") untimely Memorandum in Opposition to Newsmax's motion (the "Opposition") is based entirely upon conclusory and ultimately irrelevant "facts."

Even if admissible, Plaintiff's Opposition utterly fails to rebut Newsmax's arguments that: (i) this Court lacks jurisdiction over Newsmax; (ii) the District of Columbia is not an appropriate or convenient venue for this action; and (iii) Plaintiff's claims in this action are subject to mandatory arbitration before the American Arbitration Association within the State of Florida.

As such, it is respectfully submitted that Newsmax's motion should be granted in its entirety.

## ARGUMENT

### POINT I

### PLAINTIFF'S OPPOSITION IS UNTIMELY

Newsmax's motion was filed and served electronically upon counsel for Plaintiff on February 21, 2012 via the Court's ECF system.   *See* Dckt No. 4.  As such, Plaintiff's opposition papers were due to be served no later than 17 days after service of Newsmax's motion, or by March 9, 2012.  Local Rule 7(b); Fed. R. Civ. P. 6(d).

Plaintiff failed to file her Opposition until March 13, 2012, without having sought leave to file the untimely submission, nor setting forth good cause as to why a late submission should be granted.  Dckt No. 6.[1]

---

[1]     Plaintiff's Opposition also fails to include a proposed order, as required by Local Rule 7(c).

Local Rule 7(b) provides that if opposition papers to a motion are not timely filed, "the Court may treat the motion as conceded." *Institute for Policy Studies v. U.S.C.I.A.*, 246 F.R.D. 380, 385 (D.D.C. 2007) (internal quotations and citation omitted); *Casanova v. Marathon Corp.*, 256 F.R.D. 11, 16 (D.D.C. 2011); . In *Institute for Policy Studies*, plaintiff moved for a stay of the Court's summary judgment briefing schedule and for leave to conduct limited discovery. Institute for Policy Studies, 246 F.R.D. at 381. As in the instant case, the defendant in *Institute for Policy Studies* filed its opposition to the plaintiff's motion 4 days after the deadline for opposition papers, without filing any application for leave to file untimely papers. *Id.* at 382. The District Court rejected the untimely opposition "noting that it was untimely and not accompanied by a motion for enlargement evidencing excusable neglect…" *Id.* After the District Court rejected its opposition, the defendant filed a <u>consent</u> motion for leave to file its untimely submission. In its consent motion, the defendant pointed to a calendaring error as the cause of the late filing. Despite plaintiff's consent to the motion, the District Court nonetheless still refused to accept the defendant's untimely filing, holding, "Courts routinely refuse to accept filings under these circumstances even where the delay is minor and no prejudice would result." *Id.* .[2] The District Court further found that the defendant's calendaring error did not constitute excusable neglect, holding that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 383 (*quoting Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 113 S. Ct. 1489 (1993)).

In light of Plaintiff's untimely filing of her Opposition and the absence of any motion by the Plaintiff for leave to file the untimely submission, it is respectfully submitted that the Opposition should be stricken and Newsmax's motion deemed conceded.

---

[2]     A copy of this decision is annexed hereto as Tab 1 for the Court's convenience.

1387946_2

# POINT II

## <u>THIS COURT LACKS PERSONAL JURISDICTION OVER NEWSMAX</u>

In the event that the Court does not simply deem the motion conceded, it should nonetheless grant the motion in light of the Plaintiff's failure to establish that the Court may exercise personal jurisdiction over Newsmax.

Plaintiff's Opposition does not dispute that she bears the burden of establishing this Court's jurisdiction over Newsmax and that in order to meet this burden Plaintiff must plead <u>specific</u> facts, as opposed to conclusory allegations. *Day v. The Corner Bank (Overseas) Ltd.*, 789 F. Supp. 2d 150, 155 (D.D.C. 2011); *Moore v. Motz,* 437 F. Supp. 2d 88, 91 (D.D.C. 2006). It is respectfully submitted that Plaintiff has fallen well short of meeting her burden.

Contrary to Plaintiff's assertion, Plaintiff is only entitled to favorable inference if there are factual discrepancies to be resolved once the Court has "receive[d] and weigh[ed] affidavits and other relevant material to assist it in determining the jurisdictional facts." *Lee v. State Comp. Ins. Fund*, 2005 U.S. Dist. LEXIS 16900 (D.D.C. July 12, 2005) at * 8 (*citing United States v. Philip Morris, Inc.* 116 F. Supp. 2d 116, 120, n.4 (D.D.C. 2000)).[3] Plaintiff's reliance on *Lee* for a more sweeping deference to Plaintiff's position is misplaced.

Here, Plaintiff has offered no affidavit or evidence in admissible form which would assist the Court in determining the jurisdictional facts.[4] As such, the Court is confined to the insufficient allegations set forth within the Complaint, as to which the *Lee* Court held, "The Court need not treat all the plaintiff's allegations as true when determining whether personal

---

[3]     A copy of the decision cited to by Plaintiff is annexed hereto as Tab 2 for the Court's convenience.

[4]     Plaintiff's failure to submit an affidavit by a person with knowledge of the facts alleged in the Opposition which are not pled in the Complaint renders the allegations inadmissible. *See Blocker-Burnette v. District of Columbia,* 2012 WL 414338 at * 4 (D.D.C. 2012)(annexed hereto at Tab 3); *Buckley v. Paperboy Ventures, LLC*, 277 F.R.D. 20, 22 (D.D.C. 2011).

jurisdiction exists over the defendant." *Lee v. State Comp. Ins. Fund*, 2005 U.S. Dist. LEXIS 16900 (D.D.C. July 12, 2005) at * 7-8.  Conversely, Newsmax has provided the Court with the sworn Affidavit of Newsmax Chief Executive Officer, Christopher Ruddy (the "Ruddy Aff."), which details, under oath, Newsmax's lack of presence within the District of Columbia and the lack of any connection between this dispute and the District of Columbia.

   As set forth within Newsmax's motion and below, the facts alleged within Plaintiff's Complaint, even when viewed in a light most favorable to the Plaintiff, do not come close to establishing by preponderance of the evidence that Newsmax is subject to the general or specific jurisdiction of this Court.  *Gates v. Syrian Arab Republic*, 646 F. Supp. 2d 79, 84 (D.D.C. 2009) ("Plaintiff bears the burden to show grounds for personal jurisdiction by a preponderance of the evidence") (*citing  DP Environmental Services, Inc. v. Bertlesen*, 834 F. Supp. 162, 164 (M.D.N.C. 1993)).

**A.**  **This Court Lacks Specific Jurisdiction Over Newsmax**

   In the Opposition, Plaintiff asserts that this Court has specific jurisdiction over Newsmax pursuant to sub-sections 1, 3, 4 and 5 of the District of Columbia's long-arm statute, DC Code § 13-423.  More specifically, Plaintiff alleges that Newsmax: (i) transacted business within the District of Columbia; (ii) caused tortious injury within the District of Columbia through an act or omission within the District of Columbia; (iii) caused tortious injury within the District of Columbia by an act or omission outside the District of Columbia; and (v) possesses an interest in real property within the District of Columbia.  However, neither the Complaint, nor even Plaintiff's unsubstantiated and inadmissible Opposition, pleads facts with the requisite specificity to support jurisdiction under any of the identified sub-sections.

   **1.**  **Newsmax is Not Subject to Jurisdiction Under DC Code § 13-423(a)(1)**

   This Court has held that DC Code § 13-423(a)(1):

> is applicable when three requirements are satisfied: (1) the
> defendant must have transacted business in the District; (2) the
> plaintiff's claims must have arisen from the business transacted in
> the District; and (3) the defendant must have minimum contacts
> within the District such that exercise of personal jurisdiction would
> not offend "traditional notions of fair play and substantial justice."

*Rundquist v. Vapiano SE*, 798 F. Supp. 2d 102, 113 (D.D.C. 2011).  The *Rundquist* court further

clarified that "Section (a)(1)'s 'transacting any business' clause is interpreted to be coextensive

with the Constitution's due process requirements…" *Id.*  Plaintiff has failed to satisfy any of the

three elements identified by the *Rundquist* Court.

First, Plaintiff has failed to adequately allege specific facts establishing that

Newsmax transacted business in the District of Columbia.  To meet its burden, Plaintiff cites to a

single fact pled in her Complaint, namely that "Plaintiff conducts the business that is the subject

of this action through a Washington, DC, office."  Complaint, Dckt No. 1 at ¶ 4.  However, the

Complaint does not allege a single fact which suggests that Newsmax transacts business within

the District of Columbia.  The sole allegation within the Complaint which references Newsmax's

alleged presence within the District of Columbia, has been refuted by Newsmax.  The

"Washington Bureau Chief" referenced by Plaintiff, Complaint, Dckt. No. 1 at ¶ 7, actually

works out of his home office within the State of Maryland.  See Ruddy Aff. ¶7.

Given the absence of pleadings regarding Newsmax's presence, Plaintiff attempts

to extrapolate from Plaintiff's purported presence in the District of Columbia that Newsmax

transacted business there.  For example, Plaintiff's Opposition alleges:

> The original business connection between the Plaintiff and
> Defendant occurred at a trade   show in the District of Columbia;
>
> After the Agreement was reached, all further communication with
> Defendant occurred through the Plaintiff's office in the District of
> Columbia; and

> Defendant was directed to, and did, send all payments to the
> Plaintiff to the District of Columbia.

Opposition at p. 4.  However, these allegations are not pled in the Complaint and are not

supported by any affidavit.  Plaintiff's attempt now to supplement her insufficiently pled

Complaint with conclusory allegations which are unsupported by an affidavit is inadmissible and

should not be considered by this Court.  Since Plaintiff has not adequately alleged that Newsmax

transacted business in the District of Columbia, the Court need go no further in its analysis under

DC Code § 13-423(a)(1).

Of course, Plaintiff fails to meet the second prong as well, since she has not

alleged, nor could she, that her claims arise out of Newsmax's extremely limited contacts within

the District of Columbia.  As set forth above, the one Newsmax employee referenced by Plaintiff

– the purported Washington D.C. Bureau Chief – is actually employed in Maryland, and the

small office which Newsmax leases within the District of Columbia is used by two independent

contractors for work completely independent of the Agreement.  Ruddy Aff. at ¶ 8.  Thus there is

no contact that bears any discernible relationship to Plaintiff's claim.[5]

Finally, as set forth within Newsmax's motion and below, Plaintiff has not and

cannot allege that Newsmax maintains continuous and systematic contacts within the District of

Columbia sufficient to satisfy the due process clause of the Constitution as required by the third

prong in *Rundquist*. 798 F. Supp. 2d at 113. *See also Mouzavires v. Baxter*, 434 A.2d 988 (D.C.

1981) (DC Code § 13-423(a)(1) reaches the transaction of business that does not offend the due

process clause, so a determination of minimum contacts is required.)  Newsmax's mere

execution of a contract with a California resident, which was fully performed in Florida and

---

[5]        Plaintiff's Complaint does not even allege the existence of the small office leased by Newsmax.
However, in an effort to be transparent and provide the Court with all relevant facts to determine this motion,
Newsmax raised this fact through the Affidavit of Christopher Ruddy.

governed by Florida law – even if it is accepted that Newsmax has an office in the District of

Columbia – is not sufficient to be considered purposeful availment so as to expect to be hauled

into court in the District of Columbia.

For these reasons, it is respectfully submitted that this Court does not have

jurisdiction over Newsmax in this matter pursuant to DC Code § 13-423(a)(1).

2.    **Newsmax Is Not Subject to Jurisdiction Under DC Code § 13-423(a)(3) or (4)**

Plaintiff's Opposition also argues that this court has specific jurisdiction over

Newsmax pursuant to DC Code § 13-423(a)(3) and (4), which subjects to jurisdiction a party

who has caused tortious injury in the District of Columbia either by means of "an act or omission

in the District of Columbia" or "by an act or omission outside the District of Columbia if he

regularly does or solicits business, engages in any other persistent course of conduct, or derives

substantial revenue from goods used or consumed, or services rendered, in the District of

Columbia."

As an initial point, the Complaint in this action fails to allege any tortious injury

to Plaintiff at all.  Plaintiff's primary cause of action is breach of contract and the remaining

actions are all duplicative of that claim, relying on the same central allegations that Newsmax

converted and misappropriated Plaintiff's email list, by not returning it <u>as allegedly required by</u>

<u>the Agreement</u>.  Complaint, Dckt No. 1 at ¶ 33.  Likewise, Plaintiff's allegation that Newsmax

failed to return the email list <u>as allegedly required by the Agreement</u>, without any allegation that

Newsmax had the requisite knowledge of the alleged business advantage or intent to interfere

with said knowledge is insufficient to state a separate cause of action for alleged interference

with prospective business advantage.  *See National R.R. Passenger Corp. v. Veolia Transp.*

*Services, Inc.*, 592 F. Supp. 2d 86, 98-100 (D.D.C. 2009).  It is well settled that a "[t]ort must

exist in its own right independent of the contract, and any duty upon which the tort is based must

7

flow from considerations other than the contractual relationship." *Feng v. Lim*, 786 F. Supp. 2d 96, 106 (D.D.C. 2011) (*quoting Choharis v. State Farm Fire and Casualty Co.*, 961 A.2d 1080, 1089 (D.C. 2008)). Plaintiff's tort claims, which stem entirely from the Agreement, are also barred by the District of Columbia's "economic loss doctrine." *RLI Ins. Co. v. Pohl, Inc. of America*, 468 F. Supp. 2d 91, 94 (D.D.C. 2006); *Furash & Co., Inc. v. McClave*, 130 F. Supp. 2d 48, 56 (D.D.C. 2011) ("The District of Columbia has not authorized tort recovery for purely economic losses in a contract setting.")

Even if there were in fact a "tortious injury," Plaintiff's Complaint utterly fails to allege that she was injured <u>within</u> the District of Columbia. Rather, Plaintiff's Complaint alleges that she "is an individual who, <u>at all times relevant to this matter</u> was, and remains, a resident of Roseville, California." Complaint, Dckt. No. 1 at ¶ 3-4 (emphasis added). At most, the Complaint vaguely alleges that the Plaintiff conducts some business "through a Washington, DC, office," but offers no explanation as to how she or even any economic interest of hers has been injured within the District of Columbia. She doesn't claim to have a bank account there or any property that has been harmed.

Moreover, as the Ruddy Affidavit makes clear, any purported wrongful actions or omissions alleged in the Complaint to have been committed by Newsmax were entirely committed within the State of Florida. *See* Ruddy Aff. at ¶ 12-13. No employee of Newsmax has ever set foot within the District of Columbia in connection with the negotiation, execution or performance of the Agreement or Newsmax's business relationship with the Plaintiff. *See Id.* Thus, there was no act or omission in the District of Columbia and 13-423(a)(3) cannot provide the basis for jurisdiction.

8

Likewise, there are no allegations in the Complaint, or even unsubstantiated claims in the Opposition that Newsmax "regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." As such, specific jurisdiction in this matter also cannot be based upon DC Code§ 13-423(a) (4).

**3.**    **Newsmax Is Not Subject to Jurisdiction Under DC Code § 13-423(a)(5)**

To assert jurisdiction based on DC Code §13-423(a)(5), Plaintiff must establish that her claims in this action arise out of Newsmax's alleged real property within the District of Columbia. Despite the passing reference to this section as providing support for jurisdiction, neither the Complaint nor the Opposition identifies any real property owned by Newsmax in the District of Columbia, let alone property related to the breach of contract allegation. The only property located within the District of Columbia with which Newsmax has any relationship is a small office which Newsmax does not own, but rather leases. Ruddy Aff. at ¶ 8. Moreover, this office services two independent contractors who provide purely newsgathering services, having no relationship whatsoever to the Agreement or Newsmax's business dealings with the Plaintiff. *Id.* As such, specific jurisdiction in this matter cannot be based upon DC Code § 13-423(a)(5).

For the above reasons, it is respectfully submitted that this Court lacks specific jurisdiction over Newsmax in this action.

**B.**    **This Court Lacks General Jurisdiction Over Newsmax**

Plaintiff utterly fails to claim – since she cannot – either that Newsmax is domiciled, organized or has a principle place of business in the District of Columbia, as required by DC Code § 13-422. Indeed, Plaintiff has not disputed that Newsmax is a corporation organized pursuant to the laws of the State of Nevada, with its principal place of business located within the State of Florida. Ruddy Aff. at ¶ 5. As such, Plaintiff could only appear to argue that

9

this Court has general jurisdiction over Newsmax based upon its domicile.  However, as set forth in Newsmax's motion, neither Plaintiff's Complaint, nor even the inadmissible conclusions set forth in her Opposition, establish that Newsmax is domiciled in the District of Columbia within the meaning of the law.

Plaintiff merely recites the claim that Defendant "purposefully availed" itself of the jurisdiction, stating that its leased office provides a continuing presence in the District of Columbia.  *See* Opposition at p. 6.  Nothing could be further from the truth.  Plaintiff ignores the authority set forth within Newsmax motion which establishes that maintaining an office within the District of Columbia alone is insufficient to form a basis for general jurisdiction over Newsmax.  *See Atwal v. Lawrence Livermore National Security, LLC*, 786 F. Supp. 2d 323, 327 (D.D.C. 2011) ("merely alleging that [defendant] has offices here does not establish under § 13-422 that the offices are [defendant's] principal place of business or that [defendant] is domiciled here."); *AGS International Services S.A. v. Newmont USA Limited*, 346 F. Supp. 2d 64 (D.D.C. 2004) ("[t]he court concludes that Newmont USA is not subject to general jurisdiction in the District of Columbia for the following reasons.  Its office operations here do not amount to the kind of presence intend to fall within the scope of D.C. Code § 13-334(a).")  Moreover, Plaintiff alleges that Newsmax availed itself of the jurisdiction of this Court by "contracting business" within the District of Columbia, but utterly fails to identify the business "contracted" through Newsmax's leased office in the District of Columbia.

Plaintiff also argues that Newsmax employs a "Washington Bureau Chief," which Plaintiff purports establishes a "continuing presence."  *See* Opposition at p. 6.  However, Plaintiff offers no explanation or authority as to how the title of a single employee, who <u>works out of a Maryland office</u>, gives rise to a systematic and continuous presence by Newsmax within

10

the District of Columbia.  Plaintiff's reliance on *Gorman v. Ameritrade Holding Corp.*, 293 F.3d

506 (D.C. Cir. 2002) is misplaced, since that case involved specific allegations of defendant's

sales of securities and online brokerage services to residents of the District of Columbia.  Here,

there is no such allegation, nor anything remotely comparable to continuous and systematic

presence.  In short, Plaintiff falls well short of meeting the Supreme Court's standard of

establishing that Newsmax is "at home" within the District of Columbia – a standard which has

been completely ignored by Plaintiff in her Opposition.  *See Goodyear Dunlop Tires Operations,*

*S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

      The undisputed facts reflect that Newsmax is a Nevada corporation, with its

principal place of business located within Florida.  Newsmax employs approximately 85% of its

employees out of is Florida headquarters.  Ruddy Aff. at ¶ 5-6.  Newsmax does not own any real

property within the District of Columbia and Newsmax does not employee a single employee

within the District of Columbia.

      In short, Plaintiff's Complaint and Opposition attempts to equate the fact that

Newsmax leases an office and employs a single individual who works out of Maryland with a

job title that includes the word "Washington" with a continuous and systematic presence.

Clearly this argument does not hold water.  As such, it is respectfully submitted that this Court

does not have general jurisdiction over Newsmax.

      Moreover, since courts interpret the "transacting business" requirement under DC

Code § 13-423(a)(1) to the extent of due process, one key difference for the exercise of specific

and general jurisdiction under DC ST § 13-344 is the requirement that defendant be personally

served within the District.  DC ST § 13-334; *Rundquist v. Vapiano Se*, 798 F. Supp. 2d 102, 112

(D.D.C. 2011) ("[P]ursuant to District of Columbia law, general jurisdiction over a foreign

corporation requires personal service under D.C. Code § 13-334(a)).  Here it is undisputed that

Newsmax was <u>not</u> served personally within the District of Columbia, but rather by mail to its

Florida headquarters.  *See* Ruddy Aff. at ¶ 2.

As conceded within Newsmax's motion, and noted within the Opposition,

Newsmax did agree to waive its claim that service of process was defective.  However,

Newsmax did <u>not</u> waive any jurisdictional defenses.  As personal service of the Complaint upon

Newsmax within the District of Columbia is a mandatory requirement which Plaintiff has failed

to comply with, this Court does not have general jurisdiction over Newsmax.

**POINT III**

**THE DISTRICT OF COLUMBIA IS NOT AN APPROPRIATE<br>OR THE MOST CONVENIENT VENUE FOR THIS LITIGATION**

Plaintiff's Opposition to that portion of Newsmax's motion which seeks, in the

alternative, to transfer this action to Florida, is based entirely on the alleged premise that this

Court has jurisdiction over Newsmax.  As set forth above, this is not the case.

In fact, the alleged basis for venue pled within Plaintiff's Complaint is <u>not</u> the

District of Columbia's alleged jurisdiction over Newsmax, but rather the conclusory allegation

the parties conduct business within the District of Columbia.

Plaintiff cites to *Koteen v. Bermuda Cablevision, Ltd.*, 913 F.2d 973, 975

(C.A.D.C. 1990) for proposition that "when minimum contacts have been established, often the

interest of the plaintiff and the forum in exercise of jurisdiction will justify even the serious

burdens on out of state defendants."  However, the holding in *Koteen* relates to the issue of

<u>personal jurisdiction</u> over the defendant, not <u>venue</u>.  Moreover, Plaintiff does not proffer a single

interest of herself or the District of Columbia which suggests that the District of Columbia is the

appropriate and convenient venue for this action.  Indeed, Plaintiff does not dispute that: (i) she

12

is a citizen of the State of California, and was at <u>all relevant times</u>; (ii) that Newsmax is a Nevada corporation with its principal place of business located in Florida; (iii) the Agreement at issue in this lawsuit was executed by her in California, and executed and performed by Newsmax in Florida; and (iv) the Agreement at issue is governed by Florida law.

In short, there are no interests of either of the parties or this district which warrant this case being litigated in the District of Columbia. As such, it is respectfully submitted that this action should be transferred to the United States District Court for the Southern District of Florida.

## POINT IV

## <u>PLAINTIFF'S CLAIMS ARE SUBJECT TO MANDATORY ARBITRATION</u>

As set forth within Newsmax's motion, when Plaintiff entered into the Agreement with Newsmax, she agreed to arbitrate all disputes regarding the performance of the Agreement before the American Arbitration Association within the State of Florida. Broad arbitration clauses, such as the one contained within the Agreement, are not only enforceable, but indeed favored under the Federal Arbitration Act as well as the laws of the District of Columbia and the State of Florida. *See Tampa HCP, LLC v. Bachor*, 72 So. 3d 323, 326 (Fla. App. 2d Dist. 2011); *Robertson Group, P.A. v. Robertson*, 67 So. 3d 1112, 1114 (Fla. App. 1st Dist. 2011); *Lopata v. Coyne*, 735 A.2d 931, 936 (D.C. 1999); *Hercules & Co., Ltd. v. Shama Restaurant Corp.*, 613 A.2d 916, 922 (D.C. 1992).

Plaintiff's Opposition does not dispute that "As a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration…." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983); *see also Pearce v. E.F. Hutton Group, Inc.*, 828 F.2d 826, 829 (D.C. Cir. 1987).

Plaintiff first attempts to escape her obligation to arbitrate her dispute with Newsmax by arguing that the parties' written agreement to arbitrate was somehow extinguished when the Agreement was terminated.  To this end, the Opposition completely ignores the holding of the Supreme Court of the United States in *Nolde Bros., Inc. v. Local No. 358, Bakery and Confectionery Workers Union, AFL-CIO*, 430 U.S. 243, 251 (1977), which held that an arbitration clause in a contract survives termination, if the underlying dispute "involves facts and occurrences that arose before expiration."  Rather, Plaintiff relies in error on the holding of the Florida Court of Appeals in *Henderson v. Coral Springs Nissan, Inc.*, 757 So.2d 577, 578 (Fla. 4th Dist. Ct. App. 2000).  However, as Plaintiff's own Opposition notes, the *Henderson* court addressed the survivability of an arbitration clause contained within a contract that was <u>rescinded</u> not <u>terminated</u>.  Indeed, in that case, the Court held:

> This case is also distinguishable from *Milbar Medical Company v. Medics Pharmaceutical Corp....Milbar* involved termination of a contract, whereas the instant case involves rescission, which makes a contract void in its inception as though it never existed.

*Henderson v. Coral Springs Nissan, Inc.*, 757 So.2d 577, 578 (Fla. 4th Dist. Ct. App. 2000). Here, there is no dispute that the Agreement was termination, not rescinded.  As such, the holding in *Henderson* is entirely distinguishable from the instant matter.  Plaintiff baldly argues that "Absent evidence to the contrary, the dispute resolution clause cannot be read as surviving the termination of the agreement."  This allegation flies in the fact of the abundant law cited to by Newsmax that the enforceable arbitration clause contained within the Agreement is favored and that all disputes with regard to the clause are to be resolved in favor of arbitrability.  To the contrary, it is the <u>Plaintiff's</u> obligation to overcome the burden of the presumption of arbitrability and it is respectfully submitted that she has utterly failed to do so.

14

Next, Plaintiff argues that the Agreement was written "with litigation in mind" so as to somehow invalidate the fully enforceable arbitration clause contained therein.  More specifically, the Opposition alleges that the fact that the Agreement includes a jury waiver is somehow evidence that the parties "envisioned" this litigation.  Not surprisingly, Plaintiff cites to no authority for the proposition that such a "vision" would invalidate the arbitration clause that covers this dispute.  Of course, the fact that the Agreement includes a jury waiver as an added protection and to provide additional clarity that by entering the Agreement with the broad arbitration clause, the parties are specifically waiving the right to a jury trial, is not evidence sufficient to rebut the clear and unambiguous terms of the arbitration clause.

Furthermore, Plaintiff once again attempts to introduce evidence in the form of alleged email communications between the Plaintiff's agent and Newsmax, without submitting an affidavit or sworn statement to sponsor the evidence.  Plaintiff's argument that Newsmax somehow failed to "timely invoke" the arbitration clause and therefore waived its right to arbitrate is completely without merit.  Indeed, Newsmax was under no obligation whatsoever to commence an arbitration proceeding when this dispute arose.  It is the Plaintiff who has alleged claims against Newsmax.  As such, it was the Plaintiff's obligation to commence the dispute resolution process in the proper forum, i.e. before the American Arbitration Association in the State of Florida.   Indeed, the very case law cited to by Plaintiff in her Opposition establishes that Newsmax in no way waived its right to arbitrate Plaintiff's dispute.  For example, in *Raymond James Financial Services, Inc. v. Saldukas*, 896 So. 2d 707, 711 (Fla. 2005), the court held that the essential question in determining whether a party has waived a contractual right to arbitrate disputes is "whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right."  Here, Newsmax has not acted at all inconsistently with

15

its right to arbitrate.  Conversely, Newsmax's actions to date, i.e. the filing of the instant motion

to compel arbitration, have been entirely consistent with its contractual right to arbitrate.

Next, Plaintiff attempts to argue that the claims at issue in this proceeding fall

outside the scope of the arbitration clause.  Plaintiff has failed in this attempt.  Plaintiff's

Opposition does not appear to dispute that her breach of contract claim falls within the gambit of

the arbitration clause, but rather argues that her conversion, misappropriation and interference

with business advantages claims are not subject to the clause.  Plaintiff is mistaken.  Even taking

as true Plaintiff's position that the arbitration clause only applies to claims "arising under" the

Agreement (*See* Opposition at p. 12) the clause nonetheless applies to Plaintiff's tort claims.  As

described above, Plaintiff's Complaint alleges that Newsmax converted and misappropriated her

email list by refusing to return the list after the termination of and as required by the Agreement.

Indeed, Plaintiff's Complaint alleges:

> Immediately upon termination of the contract, Plaintiff requested
> that Defendant provide the list as updated <u>pursuant to the</u>
> <u>contract</u>…
>
> Defendant has refused to produce the revised list despite repeated
> requests by Plaintiff to do so

*See* Complaint, Dckt No. 1 at ¶ 19 and 20 (emphasis added).  Likewise, the Complaint alleges

that Newsmax interfered with alleged unidentified prospective business advantages by, again,

failing to return her list, <u>pursuant to the contract</u>.  In other words, just as the Court held in

*Gregory v. Electro-Mechanical Corp.*, 83 F.3d 382 (11th Cir. 1996), the <u>facts</u> (as opposed to the

naming of the cause of action) which give rise to Plaintiff's tort claims are identical to the facts

alleged within Plaintiff's contract claims.  Plaintiff's Opposition states that her tort claims "assert

with specificity additional facts relevant to those torts" which are irrelevant to her breach of

contract claim.  *See* Opposition at p. 13.  However, a reading of Counts 3, 4 and 5 of the

Complaint unequivocally establish that the causes of action are premised on the same claim alleged within Plaintiff's breach of contract claim, i.e. that Newsmax failed to return her email list, as allegedly required by the Agreement.  As such, all of Plaintiff's causes of action in this proceeding are subject to mandatory arbitration.

## CONCLUSION

For the reasons set forth above, it is respectfully requested that this Court issue an Order: (i) dismissing this action for lack of jurisdiction and/or improper venue; or (ii) in the alternative, staying this action and compelling the arbitration of Plaintiff's claims against Newsmax before the American Arbitration Association within the State of Florida.

Dated:    March 23, 2012

Respectfully submitted,


_____/s/ Joseph G. Cosby_____
Kermit A. Rosenberg, Esq. (D.C. Bar No. 219089)
Joseph G. Cosby, Esq. (D.C. Bar No. 4713210)
Butzel Long Tighe Patton PLLC
1747 Pennsylvania Avenue N.W., Suite 300
Washington, DC 20006
202.454.2800
krosenberg@bltplaw.com
jcosby@bltplaw.com

Mark Lerner, Esq. (Of Counsel)
Michael H. Gibson, Esq. (Of Counsel)
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, Suite 1130
New York, New York 10169
212.818.9200

*Attorneys for Defendant Newsmax Media, Inc.*

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on this 23rd day of

March, 2012 electronically through this Court's CM/ECF system on the following:


Dan Backer (D.C. Bar No. 996641)
P.O. Box 75021
Washington, DC 20013
202.210.5431
dbacker@dbcapitolstrategies.com
***Attorney for Plaintiff***


/s/  Joseph G. Cosby
JOSEPH G. COSBY
