UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH JOHNS, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 11-02258 (RMC) |
| NEWSMAX MEDIA, INC., | ) |
|       Defendant. | ) |

### ORDER

Plaintiff Deborah Johns alleges that Defendant Newsmax Media, Inc., ("Newsmax") violated an e-mail advertising and marketing services contract. On August 24, 2012, the Court denied Newsmax's motion to dismiss based on lack of jurisdiction and improper venue. *See* Order [Dkt. 11]. However, the Court granted Newsmax's motion to compel arbitration and stayed the case pending "arbitration [of Ms. Johns's claims against Newsmax] in the State of Florida, in accordance with the laws of the State of Florida and the rules of the American Arbitration Association ["AAA"]." *Id.* As the Court explained in its Opinion dated August 24, 2012, Dkt. 10, the arbitration clause in the parties' Marketing Agreement, Compl. Ex. L, Dkt. 1-1, ¶ 23, encompassed Ms. Johns's claims for breach of contract, conversion, misappropriation, and interference with prospective business advantage. Because the arbitration clause was enforceable, *see* Opinion 12–15 (rejecting Ms. Johns's four arguments against enforcement), Ms. Johns is required to arbitrate.

Ms. Johns has filed a Motion to Reconsideration [sic], Dkt. 12, invoking Federal Rules of Civil Procedure 59(e) and 60(b)(6) and asking the Court to "amend the Opinion . . . to

1

accurately reflect the law and the contract provisions as written with respect to arbitration under the Rules of the [AAA] rather than Defendants [sic] unfounded and inaccurate reading that the Order subjects the Parties to AAA administration." Reply Further Supp. Pl.'s Mot. Reconsid. [Dkt. 14] ("Pl. Reply") 4. Ms. Johns suggests in the alternative that the Court order Newsmax to advance the arbitration fees. Pl. Mot. Reconsid. 2. Ms. Johns asserts that she is unable to afford arbitration under AAA rules, which require a party filing an arbitration claim to advance certain administrative fees before the claim is adjudicated, *id.* at 5–6, and she has submitted a conclusory three-paragraph affidavit to that effect, *see id.* Ex. A. The administrative fees are calculated on a sliding scale based on the amount of the claim and based on either a "standard" or "flexible" fee schedule. Administrative Fee Schedules, Pl. Mot. Recons., Ex. B [Dkt. 12-2].

Newsmax contends that, even assuming Ms. Johns's financial difficulties, she is not entitled to relief on her motion for reconsideration. *E.g.*, Def. Mem. L. Opp'n Pl. Mot. Recons. [Dkt. 14] 4 (arguing, *inter alia*, that "the amount of initial fees were not raised by Plaintiff in opposition to Newsmax's motion to stay the action . . . despite the fact that the required filing fees were at all relevant times publicly available on the AAA's website").

A Rule 59(e) motion need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously."

*Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993). "Rule 59 was not intended to allow a second bite at the apple." *Oceana, Inc. v. Evans*, 389 F. Supp. 2d 4, 8 (D.D.C. 2005).

Rule 60(b)(6) provides for motions for relief from a judgment or order due to "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6) is a catch-all provision that gives courts discretion to vacate or modify judgments when it is "appropriate to accomplish justice," *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949), but it should be applied only in extraordinary circumstances. *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

Ms. Johns's motion for reconsideration offers no ground for the Court to modify its August 24, 2012, Order. The parties' contract states, in relevant part, that "[a]ny disputes that cannot be mutually resolved will then be settled by arbitration in the State of Florida, in accordance with the laws of the State of Florida and *the rules of the American Arbitration Association*." Marketing Agreement ¶ 23 (emphasis added). AAA Commercial Arbitration Rule R-2 states unequivocally: "When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration." AAA, *Commercial Arbitration Rules & Mediation Procedures* (2009) (available at http://www.adr.org/commercial). Ms. Johns thus "submit[ted] to AAA participation by agreeing that the arbitration would be governed by AAA rules." *See Prostyakov v. Masco Corp.*, 513 F.3d 716, 724 (7th Cir. 2008) (interpreting AAA Rule R-2).[1]

---

[1] Ms. Johns cites three district court cases for the proposition that "federal case law materially distinguishes" between AAA administration of an arbitration and arbitration pursuant to AAA rules. Pl. Reply 3–4. As none of these cases is precisely on point, the Court concludes that the plain text of the Marketing Agreement and Rule R-2, as well as *Prostyakov*, is more persuasive.

Ms. Johns agreed in the Marketing Agreement to arbitrate under AAA rules. The fact that Ms. Johns apparently never examined the AAA rules or considered the possible fees until after the Court enforced the arbitration clause does not justify relief under either Rule 59(e) or Rule 60(b)(6). Moreover, as Newsmax points out, Ms. Johns overstates the situation in which she finds herself. Rule R-49 provides that the "AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees," and when the $1 million Ms. Johns seeks "for any potential CAN SPAM [Act, 15 U.S.C. § 7701 *et seq.*] liability that may arise as a result of [Newsmax's allegedly tortious conduct]" is removed from the amount in controversy, Ms. Johns's claimed damages drop to less than $200,000, *see* Compl. ¶¶ 58–65, resulting in much more modest arbitration administrative fees, *see* Fee Schedules, Pl. Mot. Recons. Ex. B, Dkt. 12-2.

Plaintiff's Motion to Reconsideration [sic], Dkt. 12, is **DENIED**.

**SO ORDERED**.


Date:  October 18, 2012                                          /s/
                                                     ROSEMARY M. COLLYER
                                                     United States District Judge